BEAL *vs.* M'KIERNAN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Interest will not be allowed on an unliquidated demand, even when sanctioned by a jury of merchants on a mercantile claim.

The defect in the mode of executing a contract does not annul it; it only gives the other party the right of repudiating it, but which he may ratify and carry into execution, and thereby cure the defect.

72

Where the verdict is given in sterling money, and the rate by which to reduce it to United States currency is proven, it is the duty of the court to reduce the sum to, and record the verdict in United States money.

The plaintiff instituted suit against the defendant to recover the sum of three thousand eight hundred and nine dollars fifteen cents, the amount of loss on a purchase and shipment of cotton, made at the request and in obedience to an order from the latter.

The defendant resisted the plaintiff's demand on the ground, that the latter violated his orders with a view of benefiting himself at the expense of the defendant, by shipping *his own cotton* instead of purchasing it fairly, as he was bound to do by mercantile usage and law. On these issues the case went to the Supreme Court, and the decision was against the plaintiff. See 6 *Louisiana Reports*, 407.

On the trial, the question was raised, that the defendant had by his acts and conduct ratified the acts and purchases of the plaintiff, and thereby became bound by the said contract and liable to pay the loss claimed.

On the return of the cause to the Parish court, it was submitted to a jury of merchants, who after hearing the evidence returned the following verdict:

"The jury in this case find a verdict for the plaintiff for the sum of three thousand eight hundred and nine dollars fifteen cents, with interest from judicial demand, *less* twenty-five pounds, fifteen shillings and three pence sterling."

From judgment rendered in conformity to the verdict, the defendant appealed.

*Strawbridge, Gray* and *Conrad*, for the plaintiff.

*Hennen*, for the defendant and appellant.

1. The charge of the court to the jury, to which there is a regular bill of exception, was erroneous. The former judgment of the Supreme Court in this case, determined that there was no contract of sale between the parties on the facts disclosed in evidence. There was nothing to bind the parties. The pretended sale was absolutely null and void;

but, the court charged the jury that the defendant might by subsequent acts ratify such a null contract. This is in direct opposition to the principle of law found in 27 *Merlin's Rep.*, page 90 ; *verbo "Ratification."*

2. Should this court, however, be with the defendant on neither of these points, then, *he calls their attention to a manifest error in the verdict and judgment, to his prejudice.*

*The demand is unliquidated* : so much so, that a deduction is made by the jury in their verdict from the claim set up by the plaintiff. · The whole sum claimed in the petition was not due to him ; but the verdict and the judgment condemn the defendant to pay interest on this unliquidated demand from the judicial demand. The Code of Practice, however, says, article 554, "no interest shall be allowed on accounts or unliquidated claims." Repeated decisions of this court have reversed judgments of the inferior courts, where interest has been allowed. 6 *Martin, N. S.*, 10, *et passim*.

3. The judgment, therefore, should be reversed for this error ; but a deduction is to be made from the amount of the verdict of the part in sterling money. Now, how is this court to ascertain the amount of this deduction, without evidence of the value of this deduction calculated in dollars and cents, the legal currency of the United States ? Is not the verdict, therefore, uncertain ? And should not the cause be sent back to make it certain ?

*Martin, J.*, delivered the opinion of the court.

This case was remanded from this court last year, for new proceedings. See 6 *Louisiana Reports*, 407.

The cause was tried by a special jury of merchants. On hearing the evidence, the jury returned a verdict (being the second time) for the plaintiff, and from judgment rendered thereon the defendant appealed.

The counsel for the appellant contends that the judgment must be reversed, because it allows interest on an unliquidated demand.

2. Because the verdict allows a credit in sterling money, without reducing it to the current money of the United States.

- Interest will not be allowed on an unliquidated demand, even when sanctioned by a jury of merchants, on a mercantile claim.

The defect in the mode of executing a contract does not annul it; it only gives the other party the right of repudiating it; but which he may ratify and carry into execution, and thereby cure the defect.

Where the verdict is given in sterling money, and the rate of it reduced to United States currency, is proven, it is the duty of the court to reduce the sum to, and record the verdict in United States money.

3. Because the district judge gave an erroneous charge to the jury, and refused to give a legal opinion required by the counsel for the defendant.

4. Because the verdict is contrary to the law and evidence of the case.

It is clear that the claim is an unliquidated one, and that interest was improperly and illegally allowed by the verdict and judgment.

The judge charged the jury correctly. He told them, that although the plaintiff's claim might very properly have been resisted by the defendant, because the former had filled the order given him by the latter to purchase for his adventure a certain quantity of cotton, with cotton of his own as that of other persons, which he had on hand to sell; yet, if the jury were of opinion, from the evidence, that the defendant, knowing this, had ratified this act of the plaintiff, the former was bound by it; that this ratification need not be express, but may result from the conduct or even silence of the party; and that it results from such circumstances as clearly show his intention not to repudiate, but to approve and sanction the contract.

The judge correctly refused to instruct the jury that an act absolutely null, could not be the subject of a ratification.

This proposition had no bearing on the present case. The defect in the mode of executing the contract did not annul it, but gave to the defendant the right of repudiating it. If, instead of doing so, he chose to carry it into execution, he thereby ratified and cured the defect and adopted the contract.

The verdict, in our opinion, is supported by both the law and the evidence.

The pound sterling being worth four dollars and eighty cents in current money of the United States, according to a late act of Congress, the sum stated by the verdict in sterling money might have been on the application of the party, reduced by the court below to the currency of the United States, and this, it is our duty to do.

The jury have found the defendant entitled to a credit on the plaintiff's demand of twenty-five pounds fifteen shillings and three pence, sterling money, worth one hundred and twenty-three dollars thirty-two cents, in United States currency. The verdict is for three thousand eight hundred and nine dollars fifteen cents, from which this credit must be deducted, which leaves three thousand six hundred and eighty-five dollars eighty-three cents, as the sum due to the plaintiff and for which he is entitled to judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the plaintiff do recover from the defendant the sum of three thousand six hundred and eighty-five dollars eighty-three cents, with costs of court in the first instance, he paying the costs of the appeal.