MᶜIɴᴛᴏsʜ
v.
Iɴsᴜʀᴀɴᴄᴇ Co.

---

Sᴛᴀɴɪsʟᴀs Wᴇʙᴇʀ *v.* Lᴏᴜɪs Cᴏᴜssʏ, f. m. c., et al.

The warrantor, who is not represented by counsel at the trial, is not bound by admissions made by the other parties of the contents of notarial acts not produced in evidence.

When the defendant in a petitory action is evicted from land upon which he has for several years paid the taxes, the writ of possession should be suspended until the taxes are refunded to the defendant as *negotiorum gestor* of the plaintiff.

Under the Code of 1825 the purchaser, in case of eviction, can recover from his vendor only such increase in the value of the property as the parties had in contemplation at the time of the sale.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *J. Livingston*, for the city of New Orleans, appellant. *G. Duplantier*, for plaintiff. *E. Filleul*, for defendant.

Bᴜᴄʜᴀɴᴀɴ, J. This is a petitory action for a lot of ground in the Second District, late First Municipality, of the city of New Orleans. The plaintiff and defendant both trace title to the same source—the late corporation, Municipality No. One—the former by auction sale of the 2d March, 1837, confirmed by notarial act of the 22d of the same month to *Manuel Harris*, the latter by notarial act of the 25th March, 1846, to *Paulin Durel*.

Defendant called in warranty his vendor, *Charles Gustave Durel*, who called in warranty his own vendor, *Widow Jean Ursin Durel*, who called in warranty her vendor, *Paulin Durel*, who called in warranty the city of New Orleans, as succeeding to the obligations of the late Municipality No. One.

The case was tried in presence of the counsel of plaintiff and of defendant alone, as appears by the record; the city, who is appellant from the judgment rendered, not being represented at the trial, a fact which is material, because much of the evidence, and indeed all that portion of it which fixes liability upon the city, is supplied by admissions made on the trial of the contents of notarial acts which were not produced. These admissions are only binding on the parties who made them, and do not bind the appellant.

The appellant was opposed in interest to both the plaintiff and the defendant. Both those parties were bound to make out their case by legal proof; the plaintiff in order to have judgment against defendant, and the defendant in order to have judgment over against his warrantor, the appellant. Now had such legal proof been offered in the absence of the warrantor, as the case appears to have been regularly called for trial, the warrantor could not be allowed to take advantage of his absence to repudiate the effect of such legal evidence. But an admission by counsel of plaintiff and defendant of the contents of authentic acts, which could easily have been produced, is a very different thing. The warrantor had a right to have those muniments of the titles of the parties produced on the trial and spread on the record as the only legal evidence of his contracts, and of the confliction of the titles of the parties. His adversaries had no authority to admit away his case.

The court below gave judgment in favor of plaintiff for the land claimed, as having the oldest title, and gave judgment over against the four warrantors of defendant, in the order above named, the city being the last, for two hundred and eighty-five dollars, being the price which defendant had paid his vendor, with twenty-five dollars for taxes paid, and one hundred and fifty-dollars damages for the increased value of the lot.. The city alone has appealed, and a careful examination of the case has satisfied us that the judgment is in several respects erroneous, and that the city is entitled to a nonsuit.

The amount of the price for which the appellant, as last warrantor, is condemned, is taken from a copy of a notarial act of sale from *C. G. Durel* to defendant, annexed to defendant's answer.. But if we look at the description of the land conveyed in that sale we find that it is just double the quantity which is claimed by the plaintiff. Plaintiff's petition calls for a lot at the corner of Broad and Dumaine streets, fronting twenty-nine feet and eight inches on Broad by one hundred feet on Dumaine. But the sale from *C. G. Durel*, annexed to defendant's answer, calls for three lots at the corner of Broad and Dumaine streets, each lot having a front of thirty-four feet four inches on Dumaine street by a depth of fifty-nine feet four inches, which is exactly equal to *two* lots of twenty-nine feet eight inches front on Broad street by a depth of one hundred feet. But even if this were otherwise, and if the land from which defendant is evicted were the very same quantity which he purchased from *Charles G. Durel*, this would only establish *his* right to recover $285 from *his vendor*. It would be no criterion by which to establish the sum to be paid by *Widow Durel* to *Charles Durel*, or by *Justin Durel* to *Widow Durel*, or by the city of New Orleans to *Justin Durel*. Each of those parties would be only bound to restore the price which he, she or it had received, not the price which his vendor, or the vendee of his vendor, had received. 6 N. S. 559.

Now there is nothing in the record, given in evidence or not given in evidence, nor even in the admissions on trial to which we adverted above, giving us the least description of the quantity of land sold by any of the last three warrantors, including the appellant, nor of the price received by any of them.

Again, as to the taxes paid by the defendant upon the land from which he is evicted. These were paid by him for the benefit of the plaintiff, if the plaintiff was the owner of the property. Instead of being charged against defendant's warrantors it should have been charged against plaintiff, and the writ of possession suspended until it was refunded to defendant, as

*negotiorum gestor* of plaintiff. It would truly be very convenient for many an owner of swamp lots around New Orleans to suffer another person (who perhaps had acquired them at a tax sale) to pay the taxes from March, 1846, to December, 1855, and just before the ten years' prescription had accrued, to step in with his petitory action and recover the land free of all arrears of taxes.

The judgment for $150, or upwards of fifty per cent. upon the cost of the lot, as damages for increase in its value since its purchase by defendant, is unwarranted by law. The Code of 1825 has omitted the provision of that of 1808, which entitled the purchaser to recover from his vendee, in case of eviction, the increased value of the thing sold since the sale. See 9 L. R. 557. The only increase that can now be allowed is such increase as the parties had in contemplation at the time of the sale. 13 L. R. 150. Besides the evidence on this subject of increase is only applicable to the last sale of this property. There is no ground in the record for doubting the good faith of the appellant or any other of the warrantors.

It was perhaps unnecessary to remark upon the amount of the judgment against the warrantors, for in fact there is no case of warranty made out against the appellant. In the first place the plaintiff did not offer in evidence his own title. He describes it in his petition as annexed thereto. But he contented himself on the trial with the admission of defendant that he (plaintiff) had purchased the land, the names of the vendor and the notary, and the date of the sale.

The copy of the act annexed to the petition was withdrawn from the record by plaintiff's counsel after the appeal was taken, as appears by a receipt at the foot of the petition. No copy of the paper is, therefore, in the record. There is no proof of plaintiff's title as against the appellant.

Secondly, the the title of the defendant, though annexed to her answer and copied in the transcript, was not offered in evidence on the trial; nothing but an admission of plaintiff, which, like that of plaintiff in favor of defendant, entered into no particulars except the names of the notary, the seller and the purchaser, and the date of the sale.

As to the three other warrantors, *Mrs. Widow Durel, Paulin Durel* and the city, the conveyances from them respectively were neither annexed to the calls in warranty nor offered in evidence. The record shows nothing in relation to them except admissions of plaintiff and defendant, precisely similar in form to those already mentioned.

It is, therefore, adjudged and decreed, that the judgment of the District Court, so far as it concerns the city of New Orleans, appellant, be reversed, and that there be judgment in favor of the city of New Orleans, appellant, called in warranty herein, as in case of nonsuit, with costs in both courts.