## G. D. GORDON *v.* J. W. ZACHARIE.

The Act of the Legislature of the 9th March, 1852, which allows legal interest on all debts from the time they become due, unless otherwise stipulated, does not apply to debts due before its passage.

An agent for the collection of money is only liable for interest on the money collected from judicial demand, unless it be shown that he employed the money for his own use, or that he was put in default prior to the institution of the suit.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

G. A. *Breaux,* for plaintiff and appellant. *A. N. Ogden & Stansbury,* for defendant.

LAND, J. The defendant was the assignee of one *A. C. Bredall,* of certain claims against the Government of the United States, on which he received the sum of ten thousand dollars on the 17th day of May, 1851. These claims were originally against the Mexican Government, but were, in certain treaty stipulations, assumed by the Government of the United States. Under the contract of assignment the defendant was entitled to one-half of all he might receive from the Government, as a compensation for his trouble and expenses in prosecuting the claims.

The plaintiff, as universal legatee, and executor of the last will and testament of one *A. C. Bredall,* deceased, sues the defendant to recover from him the ten thousand dollars received from the Government, less the amount of compensation to which he is entitled.

There was judgment in favor of the plaintiff for the sum of five thousand dollars, with legal interest from the 17th day of May, 1851, from which the defendant has appealed.

Various questions have been argued by counsel in the elaborate briefs filed in this case, but we only find it necessary to consider three of them.

The first is a question of identity, that is, whether the *assignor* of the defendant, and the *testator* of the plaintiff, was one and the same person. In the assignment, the assignor is described by the name of *Asmus C. Bredall;* and in the body of the will, the testator is described by the name of *Amos C. Bredall.* On

3

this question of fact, the District Judge says : " the evidence satisfies me that the plaintiff is the legal representative and universal legatee of the *A. C. Bredall*, with whom defendant contracted, and on whose behalf the Mexican indemnity was obtained. This is distinctly acknowledged by the defendant in his letter of the 10th of August, 1850." In this view of the evidence, taken by the District Judge, on the question of identity, we entirely concur.

The second question is, whether the defendant is entitled, under the contract of assignment, to one-half of the net proceeds of the claims, or only to one-half of the gross amount. The agreement is in these words :

" In consideration of your undertaking the prosecution of my claim for indemnity against the Mexican Government, for their arbitrary false imprisonment at Vera Cruz, in 1843 and 1844, I hereby agree to give you one-half of all you may receive for the same, as a compensation for your trouble and expense."

The District Judge did not err. The defendant was only entitled, under the agreement, to one-half of the gross amount received by him.

The third question is, whether the plaintiff is entitled to recover legal interest from the 17th day of May, 1851, or only from judicial demand.

Article 1932 of the Civil Code provides, that in contracts which do not stipulate for the payment of interest, it is due from the time the debtor is put in default for the payment of the principal, and is to be calculated on whatever sum shall be found by the judgment to have been due at the time of the default. The claims against the Government were collected, and one-half of the same was due to the deceased, or his representatives, prior to the passage of the Act of the 9th of March, 1852, p. 95, which allows legal interest on all debts from the time they become due, unless otherwise stipulated. In the contract between the defendant and the deceased, there was no stipulation for the payment of interest, and it has been held that the Act of 1852, above mentioned, does not apply to debts due before its passage ; and as the debt in question was due on the 17th of May, 1851, it follows, that if the defendant be considered as an ordinary debtor, interest can only be allowed from judicial demand, or from the time the defendant was put in default. Article 2984 provides, that the attorney is answerable for the interest of any sum of money he has employed to his own use, from the time he has so employed it ; and for that of any sum remaining in his hand, from the day he becomes a defaulter by delaying to pay it over. It is not alleged in the petition, nor shown by the evidence, that the defendant appropriated the money due to the deceased, to his own use ; nor does it appear from the evidence, that the defendant was put in default prior to the institution of this suit. Whether the defendant, therefore, be considered in the character of debtor, or agent of the deceased, he is only legally bound to pay interest from judicial demand. *Marr* v. *Hyde*, 8 R. 13.

Citation was served on the defendant on the 11th day of February, 1857.

It is, therefore, ordered, adjudged and decreed, that the judgment be amended, and that, instead of interest from the 17th day of May, 1851, the plaintiff recover legal interest on the amount of the judgment from the 11th day of February, 1857 ; and that the judgment thus amended be affirmed, with costs of the lower court, and that plaintiff and appellee pay the costs of this appeal.