(90 South. 763)

No. 23944.

## CALDWELL v. CITY OF SHREVEPORT.

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ☞806(3) — Wagon driver held not negligent in driving over weak place in surface of street under repairs.**

Where workmen engaged in repairing a street, which had been closed against traffic while the work was going on, removed the barriers to bring in materials, one injured by falling forward over the dashboard of a wagon, a front wheel of which went through a thin crust of earth into a sewer trench, at a point where there was nothing in the appearance of the surface to indicate the weak place, *held* not negligent, in the absence of any objection to his entering the street, or of any warning of the danger.

2. **Damages ☞185(3)—Evidence held to show plaintiff's condition merely superinduced by injury.**

In a personal injury suit, evidence *held* to show that the traumatic injury was not the sole cause of, but merely superinduced, plaintiff's locomotor ataxia, the cause of which was a disease lurking in plaintiff's system at the time of the accident.

3. **Damages ☞33 — Recoverable only for so much of affliction as is result of injury.**

In the absence of a statute fixing the amount of compensation recoverable for an injury resulting partly from the negligence of another and partly from a disease lurking in plaintiff's system, plaintiff is entitled to damages for only so much of his affliction as is result of the accident.

4. **Damages ☞130(1)—$3,000 held excessive for diseased condition merely superinduced by injury complained of, and reduced to $2,000.**

In a personal injury suit, where the evidence showed that plaintiff's diseased condition was merely superinduced, and not caused, by the injury complained of, an allowance of $3,000 *held* excessive, and reduced to $2,000, though, under Civ. Code, art. 1934, much discretion must be left to the judge or jury in the assessment of damages arising ex delicto.

5. **Interest ☞47(2)—Recoverable from judicial demand in action for personal injuries.**

Under Act No. 206 of 1916, declaring that legal interest shall attach from the date of judicial demand on a judgment for damages arising ex delicto, a petition praying for interest from judicial demand in an action for personal injuries warrants the recovery of legal interest on the judgment from the date of such demand as a matter of absolute right.

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by S. C. Caldwell against the City of Shreveport. Judgment for plaintiff, and defendant appeals. Amended and affirmed.

B. F. Roberts, of Shreveport, for appellant.

John F. Phillips and J. M. Grimmet, both of Shreveport, for appellee.

O'NIELL, J. This is a suit for damages, in the sum of $18,150, alleged to have been

caused by the caving-in of an excavation in a street. Judgment was rendered in favor of plaintiff for $3,150, with legal interest from the date of the judgment, and defendant has appealed. Answering the appeal, plaintiff prays that the judgment be increased to the amount sued for.

The municipality, having dug a trench into which was laid a sewer pipe, in Portland avenue, neglected to tamp the dirt with which the trench was filled. The city engineer called attention to the faulty method of filling the trench, but the municipal authorities did not heed his advice. Thereafter, in grading the avenue, a portion of the hard surface was removed from above the trench, making the surface weak and dangerous to traffic. While the grading was going on, plaintiff drove into the avenue on a wagon, hauled by a mule. There was nothing in the appearance of the surface to indicate the weak place where the trench had been dug. The mule and the right front wheel of the wagon went through the thin crust into the trench, causing plaintiff to fall foremost over the dashboard, injuring his back and legs and perhaps his spine. The mule was also badly injured, and the wagon and harness were broken. The mule, however, did not belong to plaintiff. The court allowed $3,000 damages for the personal injuries, $100 for doctors' bills, and $50 for damage to the wagon and harness.

[1] It is virtually admitted that there was negligence in the manner of filling the trench, and that the accident happened as we have described it. The defense is that plaintiff was guilty of contributory negligence in attempting to drive through the avenue while it was being repaired, and particularly in driving over the dangerous place. Two witnesses, who had been working on the street at the time of the accident, testified that there was a red lantern, lighted, at the place of danger. Three other witnesses, who resided on the avenue, testified that the lantern was placed there later in the evening, after the accident. Their recollection in that respect is more likely correct, in view of the fact that the accident happened at or about 3 o'clock in the afternoon. A red lantern standing in the street at that hour of the day would more likely be considered out of commission than as serving as a danger sign. That block in the avenue had been closed against traffic while the repair work was going on; but the workmen had removed the barriers that morning, in order to bring in the materials that were being used in the repair work. That part of the avenue was therefore being used by the public generally when plaintiff drove into it. The men in charge of the work did not object to plaintiff's driving into the avenue, or warn him of the danger. Under such circumstances, there was no negligence on plaintiff's part.

[2, 3] The district judge had a better opportunity than we have had for judging the extent of plaintiff's injuries, because we have not seen him. The evidence shows that, a few months after the accident, the infirmity which immediately followed the accident developed into, or was succeeded by, locomotor ataxia, or tabes dorsalis, which, according to modern scientific opinion, cannot result from—although it might be superinduced by—traumatic cause. The evidence shows, too, that the one and only disease from which locomotor ataxia or tabes dorsalis may result was lurking in plaintiff's system. His unfortunate condition was not known, or even suspected, before the accident; but blood tests which were made afterwards showed a positive reaction. Our conclusion, from the opinion of the physicians who testified in the case, is that the traumatic injury was not the sole cause of, but merely superinduced, the very serious physical disability with which plaintiff was suffering when this case was tried. In Behan v. John

B. Honor Co., 143 La. 348, 78 South. 589, L. R. A. 1918F, 862, and in Fox v. United Chemical & Organic Products Co., 147 La. 865, 86 South. 311, the ruling was that the fact that the defendant's employee, who was injured while performing services arising out of and incidental to his employment in the course of his employer's occupation, was already afflicted with a dormant disease that might some day have caused physical disability without any accident, was no reason why the employee should not be allowed compensation, under the Employers' Liability Act, for the traumatic injury which had superinduced the physical disability. In each of those cases, however, the extent of the defendant's liability was absolutely fixed by the statute, according to the amount of the average weekly wages of the injured employee; and the disability, for which the compensation was allowed by the statute, was declared to be the direct and immediate result of the accident which superinduced it. In the present case, the amount of compensation, or extent of liability, is not fixed or regulated by statute. Plaintiff is entitled to be compensated only for so much of his affliction as is the result of the accident.

[4] Article 1934 of the Civil Code declares that, in the assessment of damages arising ex delicto, much discretion must be left to the judge or jury. In fact, inasmuch as the same article declares that the assessment of damages in such cases may be made without calculating altogether on the pecuniary loss, the discretion that must be exercised is somewhat arbitrary. It appears that the district judge did not make allowance for the fact that plaintiff's infirmity was not all due to the accident. We have concluded, therefore, in the exercise of our discretion, to reduce the allowance for the personal injury from $3,000 to $2,000.

[5] Although plaintiff prayed for interest from judicial demand, the court allowed interest only from the date of the judgment. Plaintiff does not complain of that as insistently as he complains of the amount allowed by the judgment; but he does pray, in his answer to the appeal, that judgment be rendered "as prayed for in the petition," and for general relief. Our opinion is that his pleading warrants our allowing the interest from judicial demand. Act 206 of 1916, p. 459, declares that legal interest shall attach from the date of judicial demand, on all judgments for damages arising ex delicto, rendered by any of the courts of this state. The recovery of legal interest on the judgment from the date of judicial demand is therefore a matter of absolute right.

The judgment appealed from is amended by reducing the amount thereof from $3,150 to $2,150, and by allowing interest thereon at 5 per cent. per annum from judicial demand; that is, from the 14th day of June, 1919. Plaintiff is to pay the costs of this appeal, and defendant is to pay all other court costs.