(97 South. 878)

No. 24654.

## CUNEO v. JOSEPH ARIATTI, Inc.

(Oct. 29, 1923.)

*(Syllabus by Editorial Staff.)*

Damages &mdash;130(4)—$250 held not inadequate for injuries resulting in kidney trouble.

Two hundred and fifty dollars *held* not inadequate for injuries to a man almost 50 years old, through being struck by defendant's truck, the injury consisting of brush wounds and a contusion over the right kidney region, causing passage of blood; it appearing that plaintiff had suffered from a private disease two or three years before, and which was accompanied by passage of blood in the urine.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Thomas G. Cuneo aganst Joseph Ariatti, Incorporated. From a judgment allowing plaintiff a recovery less than that prayed for in his petition, he appeals. Affirmed.

Wm. H. Byrnes, Jr., and A. B. Booth, Jr., both of New Orleans, for appellant.

J. Zach Spearing, of New Orleans, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Plaintiff appeals from a judgment in his favor and against the defendant, for the sum of $250. He complains that the amount is insufficient, and contends that it should be increased to $5,000, as prayed for in his petition.

The suit is for damages arising from personal injury, which plaintiff suffered under the following circumstances. Plaintiff had driven his horse and buggy along the river side of Rampart street to the north corner of Toulouse, in the city of New Orleans, when he stopped at a harness shop to have some repairs made. The buggy, with the horse hitched thereto, was on the right side of the street, near the curbing, where, it is not disputed, plaintiff had a right to park. While plaintiff's buggy was in this position, an employee of defendant, in the course of his employment, driving a truck belonging to defendant, suddenly came out of Toulouse street, and in his attempt to avoid a collision with a passing vehicle made a short turn to the right and struck the left rear wheel of plaintiff's buggy. He thereby caused plaintiff, who was then adjusting the harness on the horse's back, to fall to the pavement and sustain the injury upon which the present claim for damages is predicated. While defendant does not expressly concede any negligence on the part of the driver of his truck, negligence is so patent on the face of the uncontradicted facts that the only serious question to be considered is the amount of the damage which plaintiff has sustained.

The accident occurred on October 15, 1919, and at the time this case was tried in the civil district court, on February 15, 1921, plaintiff was, according to his own testimony, near 50 years of age. He says that he suffered great pain when he was thrown down upon the pavement, that he was carried to the hospital, but only remained there about one hour, and then was taken home and was confined to his bed for seven or eight days. He further testifies that his health was impaired; that before the accident he weighed 184 pounds, and now weighs only 152 pounds; that he is engaged in selling house furnishing goods, and, owing to his loss of physical strength, is not now able to handle heavy merchandise. He had accumulated some $12,000 up to the year

1903, when he was laid up with a nervous shock, the nature and cause of which he declares he is unable to give. He, then, under the instruction of a doctor, traveled around for about ten years, resumed his business about 1913, and was now worth five or six thousand dollars. He admits having suffered, some two or three years ago, with a private disease which caused him to pass blood, but he claims that a few days after he was all right.

Dr. Leidenheimer testifies that he examined plaintiff shortly after the accident; that he found minor injuries consisting of brush wounds and a contusion over the right kidney region; that a contusion of the kidney itself was evidenced by blood in the urine; that there is still the presence of blood, discoverable by microscopical examination, in the urine; that this condition partially incapacitates plaintiff for the performance of hard work by generally undermining his health and might finally produce nephritis or other kidney lesions. The doctor, however, further says that the presence of blood in the urine might be from other causes, and that the conclusions which he has reached and to which he has testified are based upon the history of the case as given to him by plaintiff.

This evidence leaves doubt as to whether plaintiff's physical condition is due to the fall which he sustained or to the private disease from which he admits to have suffered two or three years before the trial of the case. It is quite possible that plaintiff has without knowledge always passed blood since he was afflicted with the private disease, for the doctor states that blood could only be discovered by a miscroscopical examination of the urine. Again it is possible that the fall might have aggravated a condition with which plaintiff was already afflicted. We surmise, from the amount allowed to plaintiff as damages, that the trial judge did not believe that plaintiff's alleged kidney troubles were either caused or aggravated by the fall upon the pavement, and that the judgment appealed from is based solely upon the physical pain which plaintiff undoubtedly underwent as a result of the negligence of defendant's employee. We can discover no error in this finding.

The judgment appealed from is therefore affirmed.