No. 9949
Orleans

MRS. THERESA PONCET v. SOUTH NEW
ORLEANS LIGHT & TRACTION CO.,
Appellant

(November 2, 1925, Opinion and Decree)

(*Syllabus by the Court*)

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 42.

The fact that a passenger is injured while riding in a street car creates a presumption of negligence on the part of the Street Railway Company operating the street car.

2. Louisiana Digest—Pleading—Par. 40, 114.

Contributory negligence is a special defense and must be specially pleaded.

3. Louisiana Digest—Carriers of Passengers and Goods—Par. 44.

The fact that plaintiff's wrist was in a weakened condition, due to a previous injury, will not be considered in mitigation of damages caused by a blow upon the weakened wrist by a falling screen used by a street railway company as a means of separating the races in its street cars.

(Civil Code, Art. 2315.   Editor's note.)

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

This is a suit for damages for personal injury to a passenger in a street car.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Habans & Coleman, of New Orleans, attorneys for plaintiff, appellee.

McCaleb & McCaleb, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.  Plaintiff alleges that while a passenger on a street car owned and operated by the defendant street rail-the purpose of separating the white and colored races and was seriously injured". She sues for $5000.00.

Defendant for answer denies in articulate form all the allegations of plaintiff's petition.

There was judgment below in plaintiff's favor for $1000.00 and both plaintiff and defendant ask its revision in this court.

The evidence convinces us that the accident occurred in the manner described in the petition. In fact, there is no evidence to the contrary except the conductor, who says there was no accident and the motorman who says he knew of none. The conductor must be mistaken, for several persons, passengers in the car at the time of the accident testify that they saw the screen fall and hit plaintiff. Plaintiff being a passenger and having been injured in defendant's street car, defendant is presumed to be negligent.

"It is sufficient for a passenger suing on a contract for safe passage to show that he was not set down safely at his destination to throw the burden of explanation on the carrier to prove what negligence and whose prevented the fulfillment of the contractual obligation."

"The burden is on the carrier to establish affirmatively the contributory negligence of the passenger."

Hopkins vs. N. O. Ry. and Light Co., 150 La. 62, 90 South. 512.

In the case at bar there is no plea and no proof of contributory negligence. The only question, therefore, which remains is the quantum.

The injury resulting from the accident is thus described by the radiologist who radiographed plaintiff's wrist:

"Fracture of the styloid process of the ulna, with displacement."

About a month and a half previous to the accident plaintiff had trouble with the same wrist as a result of a fall, and the

description given her injuries then by a way company, she "was struck on the right arm and wrist by the falling of the heavy partition or screen used in the car for different radiologist was "fracture of the styloid process of the ulna, position of fragments good."

From the evidence in the record we find that plaintiff had broken her wrist in a fall and had practically recovered when she sustained a blow on the same wrist by the falling screen, which broke the same bone again or reopened the broken parts as previously fractured. The only difference between the X-ray picture of plaintiff's wrist following the first accident and that following the second accident is that in the first case the position of the fragments were good, while in the second case there was said to be displacement. The medical testimony indicates that in the first accident the bones were in correct apposition for calcification or the deposit of lime salts by which nature repairs the damage. In the second accident the broken bones were not in proper relation to each other.

Defendant contends that only nominal damages can be awarded because only slight damages could be caused to a normal wrist by the falling of the screen, and plaintiff must be limited to the recovery of such damages as would have been suffered by a like blow upon a normal wrist. We are referred to Lanier vs. Hammond, 141 La. 829, 75 South. 738 and Caldwell vs. Shreveport, 150 La. 465, 90 South. 763. We do not consider the Lanier case in point. In the Caldwell case it is true the Supreme Court said:

"The evidence shows too that the one and only disease from which locomotor ataxia or tobes dorsalis may result was lurking in plaintiff's system.

"It appears that the district judge did not make allowance for the fact that plaintiff's infirmity was not all due to the accident."

The judgment of the District Court was reduced from three to two thousand dollars because "plaintiff is entitled to be compensated only for so much of his affliction as is the result of the accident." (Supra p. 469.) The rule is different under Workmen's Compensation. See Hicks vs. Meridian Lumber Co. 152 La. 975, 94 South. 903.

In the case at bar the plaintiff had recovered the use of her wrist and hand, and but for the accident of the falling screen would have experienced no further trouble. The mere fact that the wrist of plaintiff was particularly susceptible to injury at the time cannot be considered in mitigation of the damages. In cases involving injuries to pregnant women no allowance is made for the fact that women in that condition are more easily injured and because of their condition more seriously upon light occasion than at other times.

The rule is well stated in Lapleine vs. Railroad and Steamship Co., 40 La. Ann. 661, 4 South. 875. In that case an injured child was said to have been afflicted with latent hysterical diathesis when injured and the court observed at page 665:

"Admitting, therefore, that the child had a latent hysterical diathesis, in order to escape liability it would devolve on defendant to show that such diathesis was by itself a sufficient independent cause which would have operated in producing or aggravating the damage independently of the accident. "In this defendant has entirely failed. "If the hysterical diathesis concurred with the accident in producing the damage, in determining which of the two is the proximate cause, we must inquire which was the cause that set the other cause in motion.

"In the language of the Supreme Court of the United States, 'the proximate cause is the efficient cause, the one that necessarily sets the other causes in motion'. Ins. Co. vs. Boon 95 U. S. 117.

"We are cited to a Colorado case which holds that where the physical condition of the person injured is, at the time of the injury, such that the injuries caused by the negligence are thereby aggravated, the railway is not liable for that aggravation. P. P. C. Co. vs. Barker, — Col. 344.

"We think, however, the doctrine is not sound and is not in accord with the weight of authority. The duty of care and of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and strong, and when that duty is violated the measure of damage is the injury inflicted, even though that injury might have been aggravated, or might not have happened at all but for the peculiar physical condition of the person injured.

"Thus, in one case, a person afflicted with scrofulous disease was injured by the negligence of a municipal corporation in failing to keep its streets in repair, and suffered damage greatly in excess of what he would have suffered but for his disease; yet the court held that the corporation was bound to keep its streets in repair for the sick and infirm as well as for the well, and held the city liable for the whole damage. Stewart vs. Ripon, 38 Wis. 584.

"In another case a pregnant woman was injured, resulting in malformation of the child carried and its subsequent delivery, dead; and the author of the negligence was held liable for the whole damage. Shartle vs. Minneapolis, 17 Min. 301, 10.

"A railway was held liable for cancer following at an interval of three weeks after a blow on the breast of a female. B. C. P. Railway vs. Kemp 61 Md. 74; (see also) Ry. vs. Buck, 96 Ind. 346; Jucker vs. R. R., 52 Wis. 150; Delic vs. R. R. 51 id. 400; Sauter vs. R. R., 66 N. Y. 50; Beauchamp vs. Mining Co., 50 Mich. 163; Barbee vs. Reese, 60 Miss. 906; Patterson's Ry. Acc. Law, 29, 278; 2 Thomp. Neg. 1099."

The district judge allowed $1000.00 and we are not prepared to say the amount is excessive.

For the reasons assigned the judgment appealed from is affirmed.