O'NEIL  v.  MORGAN'S  LOUISIANA  &  TEXAS RAILROAD & STEAMSHIP COMPANY, Appellant

---

(May 10, 1926.  Opinion and Decree.)
(June 7, 1926.  Rehearing Refused.)
(Oct. 5, 1926.  Writs of Certiorari and Review Denied by Supreme Court.)

---

1.  Louisiana Digest—Damages—Par. 30.

In a personal injury case under Article C. C., 2315, evidence held to show that the injury was not the sole cause of, but merely superinduced, plaintiff's temporary mental derangement, the the cause of which was a disease lurk-ing in plaintiff's system at the time of the accident; plaintiff is entitled to damages for only so much of his affliction as is the result of the accident.

2.  Louisiana Digest—Laws—Par. 103; Interest—Par. 15, 17.

Plaintiff cannot recover interest on a claim for damages arising prior to Act 206 of 1916, which has no retrospective operation.

Appeal from Civil District Court, Division "A". Hon. H. C. Cage, Judge.

Action by P. J. O'Neil against Morgan's Louisiana and Texas Railroad and Steamship Company.

There was judgment for plaintiff and defendant appealed.

Judgment amended.

Edw. T. Kleinert, of New Orleans, attorney for plaintiff, appellee.

Denegre, Leovy & Chaffe, of New Orleans, attorneys for defendant, appellant.

OPINION.

CLAIBORNE, J.    This is a damage suit under Article C. C. 2315, filed April 19, 1917.

The plaintiff alleged on April 28, 1916, he was employed by the defendant company in its shops at Algiers; that while so employed he was instructed by defendant's foreman to get into a pit under a locomotive to take certain measurements; that while obeying the instructions, an explosion occurred burning plaintiff's face and hands and injuring his eyesight; that the explosion was so violent as to cause plaintiff to lose his reason and to cause his right arm and hand to become paralyzed; that said explosion was caused by the negligence of defendant's employee; that on May 7, 1916, defendant's physician

declared plaintiff insane and sent him to an insane asylum where he remained until September 27, 1916; that whilst in said asylum, plaintiff was operated on, and two incisions made in his leg and under each arm which caused him much suffering; that while he has regained the use of his mental faculties for the present, he is informed that he may at any time lose his reason; that plaintiff is an engineer by occupation; that while he was receiving a small salary at the time of his injury, he usually earned from $75 to $125 per month; that plaintiff was unable to resume work until February 22, 1917; that because of said injuries and suffering and the impairment of his sight he has sustained damages to the extent of $25,000, which he claims under C. C. 2315, with legal interest from judicial demand.

After the overruling of several exceptions the defendant answered, admitting the employment of plaintiff as helper at 18 cents per hour, admitted the explosion and burns, but denied that there was any casual connection between the more serious condition that subsequently developed and the burns; defendant further pleaded contributory negligence on the part of plaintiff and negligence of fellow workmen.

In a learned opinion the District Judge on April 27, 1925, rendered judgment against the defendant for $4200 with legal interest from judicial demand. Defendant appealed.

The defendant, on the trial of the case, admitted its liability; the only question being one of amount.

The evidence is that the plaintiff was severely burned; that he remained at home a few days afterwards, when he developed signs of insanity; that he was taken to the City Hospital for Mental Diseases where he remained about four months; during two months thereof he was strapped to his bed owing to his violence; during that time he developed a large abscess which it was necessary to drain; he complained of brush burns under his arms while in restraint; he was released on September 27. During his confinement he was subjected to a blood test, and it was found that he had a syphilitic infection which caused his mental condition; syphilis may lie dormant in the system for years, and may be brought into violent activity on the slightest occurrence. Syphilis is a very active element in mental diseases.

On the other hand the plaintiff testified that he was 47 years old; that he had never had a sore upon his body; that he was married twice, has four children from 27 years old to 11, and that all are healthy.

The plaintiff earned 18 cents an hour at the time of the accident and after he recovered, something over $100 as an engineer in chief or as an assistant.

Admitting for the sake of argument that the doctor's diagnosis was correct and that the plaintiff was infected with syphilis and that the dormant germ within him was the cause of his insanity, the defendant is liable for the burns and for so much of his affliction as resulted therefrom.

Such is the jurisprudence of this State according to the abundant authorities compiled by the industrious district judge.

But we think the damages allowed by the district judge excessive. He has fixed the mental and physical shock at $250, the burns at $250, the loss of employment for one year at $1200 and the insanity at $2500.

The plaintiff met with his accident in April, 1916. At that time he was earning

18 cents per hour, or about $40 a month, or $500 a year. He was disabled for one year. After that time and afterwards, or in 1917, he began to earn $100 and up to $300 a month. Those were war wages, however. There is no evidence that for the balance of 1916 and the early part of 1917 he could or would have earned more than $40 a month. The war was begun only in 1917.

We are bound by the testimony of Dr. Daspit that the plaintiff contained within himself the germs of syphilis and that they were moved into activity by the accident and caused a temporary insanity in plaintiff. This testimony cannot be overcome by the interested denial of the plaintiff. Under like circumstances the Supreme Court in the case of Caldwell vs. Shreveport, 150 La. 465, 90 South. 763, on January 30, 1922, decided:

"In a personal injury case, evidence held to show that the traumatic injury was not the sole cause of, but merely superinduced, plaintiff's locomotive ataxia, the cause of which was a disease lurking in plaintiff's system at the time of the accident; * * * plaintiff is entitled to damages for only so much of his affliction as the result of the accident."

The principal of this case seems to have been followed in Cuneo vs. Ariata, 154 La. 609, 97 South. 878.

The plaintiff vehemently attacks the correctness of the Caldwell case as being in conflict with decisions in other jurisdiction, which, he insists, we should follow in disregard of the above decisions. Perhaps we would do honor to other jurisdictions by adopting their decisions, but certainly in so doing, we would disregard our duty and our respect to our own court, which we cannot do. Under this decision we will reduce this item of the district court's judgment to $2000.

The defendant argues that plaintiff's cause of action arose prior to Act 206 of 1916, adopted in July, providing for interest from date of judicial demand, "on all judgments sounding in damages ex delicto", and that, therefore, plaintiff is not entitled to interest of any kind or from any date.

In that argument he is supported by the jurisprudence of the State.

By an Act of 1852, p. 95, it was provided that all debts should bear interest at the rate of five per cent from the time they became due. In the case of Saunders vs. Carroll, 12 La. Ann. 793, the court said:

"It is sound rule of construction never to consider laws as applicable to cases which arose previous to their passage, unless the Legislature has in express terms declared such to be their intention. The Act of the Legislature declaring that debts shall bear interest at the rate of five per cent per annum from the day they become due, unless otherwise stipulated, is not applicable to debts which were contracted and became due before the passage of the law." See also p. 631 A. 99 (100) 355; Gordon vs. Zacharie, 15 La. Ann. 17; Weber vs. Coussy, 12 La. Ann. 534.

It was the jurisprudence of this State prior to the Act of 1916 that in actions for damages ex delicto no interest could be allowed, even from judicial demand. Saunders vs. Taylor, 7 Mart. (N. S.) 14; Trimble vs. Moore, 2 La. 577; Beal vs. McKeirnan, 8 La. 569; Preston vs. Slocum, 1 La. Ann. 382; Bonner vs. Copley, 15 La. Ann. 504; Fush vs. Egan, 48 La. Ann. 66, 19 South. 108.

It is therefore ordered that the judgment of the District Court in favor of the plaintiff be reduced from four thousand two hundred dollars to three thousand dollars, and that the allowance for inter-

est therein be rejected; defendant to pay costs in both courts.

---

## ON PETITION FOR REHEARING.

The judgment is amended by allowing five per cent per annum interest from the date of judgment April 27, 1925, till paid, and, as amended the rehearing is refused.