# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #056

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of December, 2025** are as follows:

**BY Weimer, C.J.:**

2025-C-00453    EVANGELIA BILALIS VS. WALLACE DRENNAN AND ZURICH AMERICAN INSURANCE COMPANY (Parish of Orleans Civil)

Retired Judge Eric R. Harrington appointed Justice ad hoc, sitting for Hughes, J., recused.

THE RULINGS OF THE DISTRICT COURT AND COURT OF APPEAL ARE AFFIRMED. SEE OPINION.

Guidry, J., dissents and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2025-C-00453

## EVANGELIA BILALIS

## VS.

## WALLACE DRENNAN AND
## ZURICH AMERICAN INSURANCE COMPANY

*On Writ of Certiorari to the Court of Appeal, Fourth Circuit,
Parish of Orleans*

**WEIMER**, Chief Justice.[1]

This court granted writs to determine whether legal interest in a tort case accrues from the date of judicial demand when a date, other than the date of judicial demand, appears in the signed judgment. The judgment awarded judicial interest "from November 17, 2023, the date of judicial demand, until paid[.]" November 17, 2023, was the date of the jury verdict, not the date of judicial demand. This court finds that inserting the jury verdict date in the judgment in this matter does not deprive the plaintiff of legal interest from the date of judicial demand. See La. R.S. 13:4203. Consequently, the judgment at issue requires that interest be paid from the date of judicial demand forward, and we affirm the rulings of the lower courts enforcing that judgment are affirmed.

---

[1] Retired Judge Eric R. Harrington, justice ad hoc, sitting for Justice Jefferson Hughes, who is recused in this matter.

## FACTS AND PROCEDURAL HISTORY

On December 22, 2020, plaintiff, Evangelia Bilalis, filed a petition for damages, alleging that she sustained injuries in an accident wherein her vehicle was rear-ended by a vehicle owned and operated by Wallace Drennan, and insured by Zurich American Insurance Company. Mr. Drennan and Zurich were named as defendants. The case proceeded to trial by jury, and on November 17, 2023, the jury rendered a verdict in favor of Ms. Bilalis, finding Mr. Drennan 100% at fault. As the prevailing party, counsel for Ms. Bilalis prepared the judgment memorializing the jury verdict. On December 11, 2023, the trial court signed the judgment, which contained the following pertinent language:

> The jury found that the Plaintiff was injured in the accident and awarded the Plaintiff special damages of $376,871.62 and general damages of $360,000.00, for a combined total of $736,871.62 **plus judicial interest thereon from November 17, 2023, the date of judicial demand, until paid**; and for all recoverable costs, which will be taxed by a Rule to Show Cause in accordance with La. C.C.P. Article 1920. [Emphasis added.]

The judgment was not appealed.

On January 8, 2024, Defendants issued Ms. Bilalis a check in the amount of $744,366.51, which included the underlying award of $736,871.62 and $7,494.89 in judicial interest, as calculated by Defendants for the period of November 17, 2023 through January 9, 2024. The check was cashed. On March 19, 2024, Ms. Bilalis filed a motion to enforce the judgment and to set a judgment debtor rule. Ms. Bilalis asserted that the payment of judicial interest had not been fully satisfied, as she was only paid judicial interest from November 17, 2023, which was the date of the jury verdict. Rather, she argued that, by operation of law, judicial interest accrued from date of judicial demand, which was December 22, 2020. She argued she was

underpaid $102,578.44 in judicial interest, plus additional interest accruing on that amount.

In opposition to Ms. Bilalis's motion, Defendants argued that Ms. Bilalis drafted the judgment and did not file a motion for new trial to challenge the date included in the judgment. As all appellate delays have run, the judgment is final and can no longer be appealed or substantively amended. See La. C.C.P. art. 1951 (governing the procedure allowing a court to "alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation" and providing that "[a] final judgment may not be amended under this Article to change its substance.").

On May 21, 2024, the trial court granted the motion to enforce the judgment and set a judgment debtor rule, finding that the judgment was not satisfied because the full amount of judicial interest was not paid.

On March 15, 2025, a divided panel of the appellate court rendered an opinion affirming the trial court judgment. **Bilalis v. Drennan**, 24-0527 (La.App. 4 Cir. 3/14/25), 414 So.3d 824. The majority, following the appellate court's past jurisprudence, held that accrual of interest is not contingent on the plaintiff formally demanding it in her petition or using specific language in the judgment; rather, interest operates as a matter of law and attaches automatically in tort cases from the date of judicial demand. *Id.*, 24-0527 at 4, 414 So.3d at 827. The majority reasoned that December 22, 2020, is the date of judicial demand, and November 17, 2023, is the date of the jury verdict, not the date of judicial demand. *Id.* The majority also found that the reference to the November date was a drafting error. *Id.*, 24-0527 at 8, 414 So.3d at 829. Nevertheless, the majority held that enforcing judicial interest from the date of judicial demand did not amount to a substantive amendment, as the

3

ruling did not alter any substantive rights and merely ensured the judgment aligned with the relief automatically provided by law. *Id.*

Judge Atkins separately concurred, emphasizing the mandatory nature of judicial interest and finding Ms. Bilalis entitled to interest retroactive to the date she filed her petition for damages, by operation of law, regardless of the judgment's language. **Bilalis**, 24-0527 at 1, 414 So.3d at 830-31 (Atkins, J., concurring). The concurrence criticized Defendants' argument, seeking to "phrase the issue as whether the trial court erred by making a substantive change to a final judgment[,]" as "an attempt to take advantage of a mistake" in the trial judgment. *Id.*, 24-0527 at 7, 414 So.3d at 834.

Judge Ledet, joined by Judge Herman, dissented, agreeing with Defendants that the lower court's ruling amounted to a substantive amendment of a final judgment. **Bilalis**, 24-0527 at 1, 414 So.3d at 830 (Ledet, J., dissenting). The dissent recognized other appellate jurisprudence holding that amending a final judgment to add interest is an impermissible substantive change. *Id.*, 24-0527 at 2, 414 So.3d at 830.

Upon Defendants' application, certiorari was granted to review the correctness of the rulings below. **Bilalis v. Drennan**, 25-00453 (La. 7/3/25), 414 So.3d 485.

## DISCUSSION

Pursuant to La. C.C.P. art. 1921, "[t]he court shall award interest in the judgment as prayed for or as provided by law." Interest "as provided by law" encompasses judicial interest in tort cases. La. C.C.P. art. 1921, cmt. (a); see **Smith v. Quarles Drilling Co.**, 04-0179, p. 5 (La. 10/29/04), 885 So.2d 562, 566.

Prejudgment judicial interest in tort claims is provided under La. R.S. 13:4203:

> Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.

4

The word "shall" in La. R.S. 13:4203 and La. C.C.P. art. 1921 is mandatory. See La. R.S. 1:3 ("[t]he word 'shall' is mandatory and the word 'may' is permissive"). Under well-established rules of interpretation, the word "shall" excludes the possibility of being "optional" or even subject to "discretion," but instead "shall" means "imperative, of similar effect and import with the word 'must.'" **Louisiana Fed'n of Tchrs. v. State**, 13-0120, p. 26 (La. 5/7/13), 118 So.3d 1033, 1051. As this court has stated, "an award of judicial interest is not discretionary, insofar as it attaches automatically until the judgment is paid, whether prayed for in the petition or mentioned in the judgment." **Oliver v. Magnolia Clinic**, 11-2132, p. 14 (La. 3/13/12), 85 So.3d 39, 49; see also **Smith**, 04-0179 at 5, 885 So.2d at 566, n.6.

In tort actions, the operative date when legal interest attaches is the date of judicial demand. La. R.S. 13:4203. A judicial demand "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." La. C.C.P. art. 421. The date of judicial demand is "the day on which a party files a demand or claim for relief," or put another way, "the date of plaintiff's first judicial claim against all parties responsible for a single tortious occurrence." **Burton v. Foret**, 498 So.2d 706, 711-12 (La. 1986).

The judgment awarded judicial interest "from November 17, 2023, the date of judicial demand, until paid[.]" The judgment contains one specified date: November 17, 2023, and references the date of judicial demand. The record lacks any indication that the inclusion of the November date in the judgment was anything more than a mere scribe error. The date of judicial demand is December 22, 2020, when Ms. Bilalis filed the petition for damages.

Nevertheless, Defendants contend that imposing legal interest from December 22, 2020, amends the substance of a final judgment, in violation of La. C.C.P. art. 1951, which states:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

Defendants argue that changing the amount of interest due is an impermissible substantive amendment to the judgment and does not merely alter the judgment's phraseology. They argue that Article 1951 allows amendment only "where the amendment takes nothing from or adds nothing to the original judgment." See **Villaume v. Villaume**, 363 So.2d 448, 450 (La. 1978).

Defendants urge the court to follow certain appellate decisions overturning amendments to a judgment that reflected the imposition of legal interest. **In Suprun v. Louisiana Farm Bureau Mut. Ins. Co.**, 09-1555, p. 4 (La.App. 1 Cir. 4/30/10), 40 So.3d 261, 264, the judgment rendered after trial awarded judicial interest "from the date of judicial demand until October 30, 2006," with the October date corresponding to an insurer's offer of judgment. Ruling on the plaintiff's motion for costs and to assess additional interest, the lower court rendered an amended judgment "to correctly show that judicial interest on the Judgment is due from the date of judicial demand until … paid, instead of limiting judicial interest until October 30, 2006[.]" The appellate court vacated this portion of the amended judgment, reasoning that a change to the end date of legal interest was a substantive amendment violating La. C.C.P. art. 1951.

Defendants also cite to **Richman v. Travelers Indem. Co.**, 24-258, p. 8 (La.App. 3 Cir. 12/30/24), 412 So.3d 992, 998, which relied on **Suprun** in reversing rulings that granted leave to file a fifth supplemental and amending petition seeking an award of interest on costs previously awarded, and subsequently, granted an award of interest on those costs from the date of judicial demand.

This court finds both cases distinguishable from the matter before it. In **Suprun**, the judgment specified an end date to interest and did not examine the date on which interest began to run under the mandatory language of La. R.S. 13:4203. The judgment in this matter differs considerably as its language includes both a date from which interest accrues and "from the date of judicial demand." In **Richman**, premised on **Suprun**, the nature of the interest sought was not automatic and imposed by operation of law.

This court is also unpersuaded by Defendants' suggestion that the magnitude of legal interest in dispute, over $100,000, is a substantive change. The amount of interest owed does not change the fact that this matter involves a scribe error. A substantive amendment changes the judgment's outcome irrespective of the amount at issue.

The record reveals that no motion to amend the judgment was before the trial court. The trial court did not delete any phrase from the judgment and did not add judicial interest to the judgment. Ms. Bilalis asserts that she did not seek an amendment to the judgment. Instead, she seeks to collect what is legally owed under La. R.S. 13:4203, which is judicial interest by operation of law. Ms. Bilalis argues that the only way to interpret the judgment in the manner Defendants do is to add or subtract language to specify that interest is "only" due from November 17, 2023. As the appellate court majority indicates, interpreting the judgment's reference to

7

November 17, 2023 to override the date of judicial demand would render the judgment internally inconsistent and contradictory with La. R.S. 13:4203.

This court agrees with the assessment of Judge Atkins, as expressed in her concurring opinion, criticizing Defendants' position–in framing the issue as a substantive change to a final judgment–as taking advantage of a mistake in the trial judgment. As the concurrence posited, had the judgment mistakenly found interest to accrue at an earlier date than the date of judicial demand, Defendants likely would have argued as Ms. Bilalis did, that judicial interest accrued from the date of judicial demand by operation of law.

Accordingly, this court finds no merit in the argument that any substantive amendment of the trial judgment occurred and rejects the argument that enforcing the payment of interest mandated by La. R.S. 13:4203 requires a substantive amendment of the trial judgment. The judgment's reference to November 17, 2023–which is undeniably not the date of judicial demand–has no substantive effect on the amount of interest owed because Ms. Bilalis is entitled, by operation of law, to legal interest from the date of her petition.

The statutory award of legal interest under Section 4203 "is designed to compensate a plaintiff for his loss of the use of money to which he is entitled, the use of which defendant had during the pendency of the litigation." **Hall v. Brookshire Bros.**, 02-2404, p. 24 (La. 6/27/03), 848 So.2d 559, 574, n.7. As Judge Atkins pointed out in her concurring opinion, La. R.S. 13:4203 represents an exception to the general rule under La. C.C. art. 1938 that legal interest runs from due date of the obligation. See **Am. Cyanamid Co. v. Elec. Indus., Inc.**, 630 F.2d 1123, 1129 (5th Cir. 1980). As this court has long stated, "[t]he recovery of legal interest on the

8

judgment from the date of judicial demand is therefore a matter of absolute right." **Caldwell v. City of Shreveport**, 150 La. 465, 470, 90 So. 763, 764 (1922).

Moreover, of the dates referenced in the judgment–the date of judicial demand and November 17, 2023–the lesser includes the greater. Stated another way, November 17, 2023, is contained within the period between the date of judicial demand until paid. It follows that judicial interest accrues from the date of judicial demand and continues to run from November 17, 2023, and from all dates that follow until paid. Ms. Bilalis has not sought to, and is not entitled to, collect two separate amounts of interest, only interest from the date of judicial demand until paid, which includes the date of the jury verdict and the judgment.

The bracketed phrase "from November 17, 2023, the date of judicial demand," does not require the court to choose between two dates, and there is no justification for choosing the date that is not supported by the law. Defendants' reading of the judgment would have us pretend that November 17, 2023, is the date of judicial demand, even though the parties acknowledge this is not so. Construing the judgment as requiring interest only from November 17, 2023, thus truncating the interest award where the statute mandates otherwise, would produce an absurd result. Conversely, the construction favored by the lower courts produces no absurd result; it merely implements what the law requires.

Considering the automatic attachment of judicial interest by operation of statute, the inartful drafting of the judgment cannot overcome the mandatory nature of La. R.S. 13:4203. The inclusion of an extraneous date, even through a scribe error, does not create an exception to the mandatory imposition of interest from the date of judicial demand.

## CONCLUSION

For the above discussed reasons, this court holds that granting the motion to enforce the judgment and set a judgment debtor rule did not add to, subtract from, or in any way affect the substance of the trial judgment. The trial court correctly applied the mandatory provisions of La. R.S. 13:4203, which requires that judicial interest on a judgment awarding tort damages attaches from the date of judicial demand until paid. The presence of the November date in the trial judgment did not override the statutory date of judicial demand by limiting judicial interest to an abbreviated period. The trial judgment, enforced as written, requires that judicial interest runs from the filing of the petition for damages on December 22, 2020 until paid.

**THE RULINGS OF THE DISTRICT COURT AND COURT OF APPEAL ARE AFFIRMED.**

SUPREME COURT OF LOUISIANA

No. 2025-C-00453

EVANGELIA BILALIS

VS.

WALLACE DRENNAN AND ZURICH AMERICAN INSURANCE
COMPANY

On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of Orleans
Civil

**GUIDRY, J., dissents and assigns reasons.**

I respectfully disagree with the majority's decision, which gives no effect to the specific language of the final judgment at issue. The December 11, 2023 judgment that plaintiff seeks to enforce states:

> The jury found that the Plaintiff was injured in the accident and awarded the Plaintiff special damages of $376,871.62 and general damages of $360,000.00, for a combined total of $736,871.62 plus **judicial interest thereon from November 17, 2023, the date of judicial demand, until paid**;" [Emphasis added.]

It is undisputed that the December 11, 2023 judgment is a final judgment, as all appeal delays have expired. *See* La. C.C.P. arts. 2088 and 2123. A plain reading of the judgment refers to the date of judicial demand as November 17, 2023. The majority, however, reads out reference to the November 17, 2023 date, finding that the date of judicial demand is set by statute as the date on which a party files a claim for relief, which in this case was December 22, 2020. *See* La. C.C.P. art. 421.

The judgment in the instant case clearly decreed, albeit erroneously, the date of judicial demand as November 17, 2023. Plaintiff's counsel drafted the judgment, and plaintiff failed to file a motion for new trial or motion for appeal to correct the error. It was not until after the judgment became final and defendants paid judicial interest from the November 17, 2023 date that plaintiff filed the instant motion to enforce judgment and set judgment debtor rule. By granting plaintiff's motion, the

trial court did more than simply enforce the judgment; rather, it amended the December 11, 2023 judgment by reading out the specific reference to November 17, 2023, as the date of judicial demand and increasing the amount of legal interest that plaintiff was entitled to recover from defendants pursuant to the express language of the judgment. The majority likewise ignores the November 17, 2023 date, finding it to be a scribe error, and in so doing, essentially reasons that the language of the judgment is immaterial, as the date upon which judicial interest attaches is established by law. However, the language of a valid, final judgment must be given effect. In the instant case, the judgment awarding interest was drafted by plaintiff, was not appealed, and became a final judgment. The language specifically references November 17, 2023, as the date of judicial demand, and plaintiff is bound by the language of the judgment. As such, I disagree with the majority's decision affirming the lower court's finding that the December 11, 2023 judgment, as written, requires that judicial interest run from the filing of the petition for damages on December 22, 2020, until paid and affirming the lower court's granting of plaintiff's motion to enforce judgment and set judgment debtor rule.

2