(74 South. 168)

No. 21469.

KING v. NEW ORLEANS RY. & LIGHT CO.

(Nov. 13, 1916.  Rehearing Denied Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. TRIAL ⬤═▷13(1)—DOCKET—"EX DELICTO"— STATUTE.

The term "ex delicto," found in Act No. 17 of 1916, p. 47, is used in its ordinary sense, and it does not give rise to any confusion whatever.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32.

For other definitions, see Words and Phrases, First and Second Series, Ex Delicto.]

2. TRIAL ⬤═▷13(3) — "PREFERENCE DOCKET" — STATUTE.

The "preference dockets" mentioned in the act are the lists of preference cases prepared by the clerks when the cases are set for trial. The law and the rules of court designate the cases to be tried by preference.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32.

For other definitions, see Words and Phrases, First and Second Series, Docket.]

3. TRIAL ⬤═▷13(1)—PREFERENCE DOCKET—ACTION "EX DELICTO" OR "EX CONTRACTU"— PERSONAL INJURIES.

A suit for damages for personal injuries is a suit "ex delicto," and not one "ex contractu."

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32.

For other definitions, see Words and Phrases, First and Second Series, Ex Delicto; Ex Contractu.]

4. CARRIERS ⬤═▷316(1)—PASSENGERS—PERSONAL INJURY—BURDEN OF PROOF.

Where plaintiff fails to sustain the burden of proof, the suit will be dismissed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285, 1294.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Janie King against the New Orleans Railway & Light Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Waguespack & Waguespack, of New Orleans, for appellant. Dart, Kernan & Dart, of New Orleans, for appellee.

SOMMERVILLE, J.  [1] This is a personal injury suit, which, on motion by plaintiff, was fixed to be tried by preference under Act No. 17, 1916, p. 47.

Defendant moved the court to recall and reverse the order permitting the case to be tried by preference, on the ground that the act of the Legislature, No. 17, 1916, p. 47, was unconstitutional; being in contravention of articles 31 and 48 of the Constitution. It made a second motion to recall the order fixing the case by preference on the ground that the act of the Legislature of 1916 is inoperative, null, and void for the reason:

"That it fails to define what are actions 'ex delicto.'

"That it requires in all suits on actions for damages arising ex delicto the same shall be placed on the preference docket of all the courts of this state and shall be tried along with such other preference cases as is now provided by law, and said act fails to provide that the courts of the state shall keep a preference docket.

"That this cause is one arising ex contractu as well as from a tort."

On the brief filed in behalf of the defendant it is stated:

"The original application to vacate the order advancing this cause on the docket urged that Act No. 17, of 1916, under which it was advanced, is unconstitutional, being violative of articles 31 and 48. Nothing, however, can be urged against the constitutionality of the act, and the attack upon it on that ground must fail."

The question of the constitutionality of the act of 1916 has thus passed out of the case.

The other ground alleged, that the act of 1916 is inoperative because it fails to define what are actions "ex delicto," is without merit.

The Legislature, in declaring "that in all actions or suits arising ex delicto the same shall be placed on the preference docket of all the courts of this state," used the words "ex delicto" in their ordinary sense and acceptation. The term has a well-defined meaning, and it required no definition on the part of the Legislature. It is in general use. It may be found in the English dictionaries, and might be classed as an English expression. This court in McGinn v. New Orleans Railway & Light Co., 118 La. 811, 819, 43 South. 452, 13 L. R. A. (N. S.) 601, speaking of a similar suit, say:

"Plaintiff's suit is not ex contractu, for damages arising from the violation of a contract, but one ex delicto, for damages for personal injuries based upon an allegation of negligence, and where the act complained of is such as characterizes it as a tort or quasi offense."

[2] The next objection to the act is that it fails to provide that the courts of the state shall keep preference dockets, after ordering that all suits based on actions arising ex delicto shall be placed upon preference dockets. The rule of this court, No. 10, § 2 (67 South. ix), provides that:

"Cases entitled to preference shall be fixed for argument by motion," etc.

And section 3 provides:

"The following classes of cases are entitled to preference, and may be fixed for argument by motion, in accordance with section 2 of this rule, to wit: Those to which the state, or any political subdivision, agency, or officer of the state, shall be a party; interdiction appeals; and those involving, affecting or concerning the following matters or any of them, viz.: Contest for public office; the public interest or fisc; the constitutionality or legality of any tax, where the collection of the tax is delayed; the distribution of money in the hands of representatives of successions, sheriffs, and other public officers, receivers, garnishees, and depositaries; the validity of wills; the putting of heirs in possession; demands for separation from bed and board or divorce; claims for alimony; awards of arbitrators, amicable compounders or referees; claims against sureties on judicial bond; injunctions in restraint of writs of execution or seizure and sale; claims for salary, wages or compensation for professional service; suits upon promissory notes, where the answer is a general denial"; and cases on rehearing.

So there is a preference docket in this court, and it was unnecessary for the Legislature to direct that such docket should be kept.

The word "docket" used in the legislative act merely refers to a list or calendar of causes prepared for the use of courts by the clerks. And a preference docket is one prepared by a clerk which contains those cases which are to be tried by preference.

The case at bar is founded on a tort, or wrong; and it arises ex delicto. It was entitled to be fixed by preference, and placed on the preference docket.

[3] The last objection, that the suit is one ex contractu as well as ex delicto and could not therefore be tried by preference under the law, is also without merit. The case arises from an alleged tort on the part of the defendant, while executing a contract of carriage with the plaintiff. The quotation from the McGinn Case, supra, holds it to be ex delicto. The contract created and implied by law relative to the duties and liabilities of a carrier is so complete within itself there is no necessity for any additional contract,

unless the carrier desires to limit its liability. It has been held that:

"Tort is the natural and habitual foundation of an action for the breach of an ordinary contract of carriage."

Act No. 17, 1916, p. 47, is operative; and it is not null and void for the reason set forth by defendant to recall or rescind the order placing this cause on the preference docket. The motion is denied.

[4] As has been mentioned, this is a personal injury suit for damages sustained by plaintiff as alleged by her through the fault and negligence of the defendant company. The only question is whether the defendant, through its agents and employés, caused the car on which plaintiff had taken passage, and from which she was about to alight, to stop, upon the signal given by the plaintiff, and then to start before she had an opportunity to alight.

The preponderance of the evidence is to the effect that the car stopped, and that plaintiff alighted therefrom while the car was stopped, and that she fell after she had reached the pavement in safety; and that she then sustained the injuries and bruises of which she complains. As she failed to prove fault and negligence on the part of the defendant, she cannot recover damages. The burden of proof was on her, and she has failed to sustain it. The district court saw and heard all of the witnesses, and was of the opinion that plaintiff failed to make out a case of negligence on the part of the defendant; and plaintiff has failed in this court to point to any error in the findings of the district judge. The judgment of the trial court on questions of fact which is not clearly erroneous will not be reversed by the appellate court.

Judgment affirmed.