CAGE COTTON COMPANY, Appellant, v. POSTAL TELEGRAPH & CABLE COMPANY.

(February 15, 1926. Opinion and Decree.)
(March 15, 1926. Rehearing Refused.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Action—Par. 20.**

Where plaintiff sues a telegraph company for damages alleged to have been caused by the erroneous delivery on the 20th of September of a copy of a message sent to and received by plaintiff on the 18th of September, without indicating that the second message was a duplicate of the first, his action is ex delicto and not ex contractu.

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. H. C. Cage, Judge.

Action by Cage Cotton Company against Postal Telegraph & Cable Company for damages.

There was judgment for defendant, and plaintiff appealed.

Judgment affirmed.

Monroe and Lemann, Walter J. Suthon, M. W. Heard, of New Orleans, attorneys for plaintiff, appellant.

Denegre, Leovy and Chaffe, of New Orleans, attorneys for defendant, appellee.

OPINION.

WESTERFIELD, J. This is an action for damages in the sum of $1,400.00 growing out of the delivery of a telegram to

plaintiff under rather unusual conditions. Defendant filed exceptions of vagueness and of no cause of action, which were overruled, and subsequently an exception of prescription of one year was maintained and plaintiff's suit dismissed. From this judgment plaintiff has appealed.

Defendant relies with equal confidence upon both exceptions. We will consider the question of prescription. This exception is based upon the contention that plaintiff's claim, if any he has, arises ex delicto and not ex contractu.

No evidence was taken in the case and the exception of prescription filed, in limine, was maintained as against the facts as alleged in the petition. The petition alleges that on September 18, 1920, plaintiff wired from Houston to Fenner & Beane, a brokerage firm, in New Orleans, instructing them to sell for its account 10,000 bushels of corn for December delivery at $1.09 per bushel; that Fenner & Beane on said day were only able to sell 5,000 bushels of corn in execution of the order, as follows,

"Sold 5 Dec. corn 109 working",

under date of September 18, 1920, which telegram was delivered to plaintiff on the same day; that on September 20, 1920, another telegram reading the same way, but dated September 20, was delivered to plaintiff at Houston; that the two telegrams were understood by plaintiff to mean that Fenner & Beane had completed the order of plaintiff by buying for plaintiff's account two installments of 5,000 bushels each, but that as a matter of fact the telegram delivered to plaintiff on the 20th had not been sent by Fenner & Beane, of New Orleans, but was in reality a duplicate message of the 18th, though there was nothing about it to indicate that it was anything but an original message; that

plaintiff only discovered the facts on October 21, 1920, and by that time the corn market was much lower, and plaintiff lost $1,400.00 by reason of defendant's mistake.

Plaintiff insists that his action is ex contractu. He cites La Grange vs. Southwestern Telegraph Company, 25 La. Ann. 383, from which he quotes:

"The first question is as to the prescription on one year, interposed by defendants.

"The action, in our opinion, arises ex contractu and not ex delicto. The defendants hold themselves out to the public as being ready to transmit for hire messages for individuals and to deliver them faithfully to others such messages as are intrusted to them. They make themselves the agents of both the sender and receiver, and their failure in their assumed duties creates an obligation in favor of the one who may be thereby injured."

We are also referred to Mooprio Forgan and Company vs. Western Union Telegraph Company, 5 Court of App. 79, where the following appears:

"To the proposition urged by counsel that the action is one ex delicto, we need but refer to the case of DeGrange vs. Southwestern Telegraph Company, 25th Annual, 383-4, where the Court holds that a telegraph company is both the agent of the sender and receiver of a message, and the action arises ex contructu and not ex delicto."

And 37th Cyc. 1711, where it is said:

"Actions against telegraph companies for breaches of duty in regard to the transmission and delivery of messages are regarded as arising ex contructu and are governed by the statutes of limitation applicable to actions upon contracts."

And to Case vs. Bank, 100 U. S. 446, where the LaGrange case is quoted with approval.

We have examined these authorities and others, which, with characteristic zeal counsel has pressed upon our attention, and we

will observe, with respect to all of them, that in our opinion they are not apposite here.

The fault complained of in the case at bar was not a breach of contract. It is not even a breach of contract by tortious act, and is not therefore within the dictum of the court in the case of Illinois Central Railroad Company vs. New Orleans Terminal Co., 143 La. 467, 78 South. 738, where it was held:

"There is no doubt that the action of the defendant, through its said employees in running this other train into that of the plaintiff, amounted to a tort, but there is no reason why the breach of a contract by means of a tort should not furnish ground for an action for breach of contract. A contractor cannot liberate himself from his contract, or, in other words, destroy its obligation, by committing a tort; and if the obligation is not destroyed, but remains in full force, and the contract is breached, there is evidently a ground of action on the contract."

The contract between plaintiff and defendant was fully performed when the first message was delivered correctly. The second message had not been sent by Fenner and Beane or any one else. The fact that it was a copy of the telegram of the 18th, which was the subject of a contract, can not alter the situation. Let us assume, as we can reasonably do, that Fenner & Beane sent exactly the same message to another party in Houston on the same day, for example, the Houston Cotton Company, and that some employee of defendant either in New Orleans or in Houston copied that message and addressed it to the Cage Cotton Company, would there be any contractural relation between the Cage Cotton Company and the Telegraph Company, and would the Cage Cotton Company have an action ex contructu against the telegraph company? To ask the question is to answer it. However de-

ceiving and misleading the second telegram was, and however culpable the telegraph company's employee's fault, and whatever may have been the telegraph company's responsibility to plaintiff, plaintiff's action is ex delicto and not ex contractu, and the prescription of one year must be maintained.

For the reasons assigned the judgment appealed from is affirmed.