**No. 3669**

**Second Circuit**

---

**PRICE v. FLORSHEIM**

---

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Refused.)

---

Galloway & Johnson, R. G. Pleasant, of Shreveport, attorneys for plaintiff, appellee.

Cook & Cook and C. D. Egan, of Shreveport, attorneys for defendant, appellant.

DREW, J. This is an action to recover damages for personal injuries sustained by the plaintiff, a young negro woman. On February 1, 1928, she leased from the defendant the premises at 1706 Hotchkiss street, in Shreveport, La. On February 3d following, while lawfully in the premises, the term of the lease having begun to run, the plaintiff, while engaged in cleaning an upstairs porch, placed her hand on one of the railings supporting the banisters of the porch, while in the act of picking something up from the floor, and when she did so the railing suddenly tore loose from the post, thus causing plaintiff to lose her balance, and she was precipitated to the ground below, a distance of approximately twelve feet, falling on her side and abdomen, and sustaining serious bodily injuries.

Plaintiff alleges that the accident was caused by the decayed and rotten condition of the post, railing, and banisters on said porch; that she did not know of their decayed condition, due to the fact that the railing was attached to the post on the outside and hidden from her view, and to the fact that the railing, post, and banisters had been painted white, which further covered the decayed condition and prevented her noticing it.

The defense is a general denial, and a plea of contributory negligence on the part of plaintiff in placing her weight against the said railing.

The case was tried before the lower court without a jury, resulting in a judgment for the plaintiff in the sum of $4,000. Defendant appealed, and plaintiff has answered the appeal, asking that the judgment be increased to the sum of $15,000, as originally prayed for.

There is very little conflict in the testimony, and the plaintiff has proved the essential allegations of her petition. It was not the plaintiff's duty to make any more careful examination of the railing and banisters than she did, under the circumstances. She was not sitting on the railing, but had merely placed her hand on it to balance herself in picking something up from the floor, and the railing should have been strong enough to withstand the weight she applied to it. Outside of ornamental value, the only purpose of banisters is to protect people from falling out, and they should be built and maintained strong enough to accomplish that purpose; otherwise, they are worse than no banisters at all, and might be considered as a trap. Plaintiff was not guilty of any contributory negligence. It was her first day in the house, and she had no knowledge of the condition of the railing and banisters. In this respect the case is distinguished from that of Parker vs. Kreber, 153 La. 191, 95 So. 601, relied on by defendant.

The law of this state is that the owner is bound to know whether his building is safe for the purposes for which he rents it or authorizes its use, or is rotten or unsafe, and is answerable in damages to those who being lawfully therein are injured by reason of its defects, whether of original construction or caused by failure to make proper repairs. Allain vs. Frigola, 140 La. 982, 74 So. 404; Breen vs. Walters, 150 La. 578, 91 So. 50; Civ. Code, arts. 670, 2322; Davis vs. Hochfelder, 153 La. 183, 95 So. 598; Schoppel vs. Daly, 112 La. 201, 36 So. 322, 325; Lasyone vs. Zenoria Lumber Co., 163 La. 185, 111 So. 670.

This rule of law is so well established in our jurisprudence that it calls for no further discussion.

The defendant is liable in damages for the injuries sustained by plaintiff.

Defendant contends that the suit is an action on contract, and attempts to distinguish it from an action ex delicto. We cannot agree with this contention. It is very similar to the case of Schoppel vs. Daly, supra, in which the court said:

"The action of the plaintiffs is not based exclusively upon article 2695 of the Civil Code, nor upon the existence of the contract of lease referred to, though it and the article of the Code are both incidentally referred to. The action is one ex delicto for personal injuries to the wife."

"The existence of contractual relations between two parties is no bar to a right of action for a tort committed pending the contract, and connected with it." Schoppel vs. Daly, supra.

"For breach of contract by means of a tort, the party can bring either an action on contract or in tort." King vs. N. O. Ry. & Lt. Co., 140 La. 843, 74 So. 168; Illinois Cent. R. R. Co. vs. N. O. Ter. Co., 143 La. 467, 78 So. 738.

"Obligation imposed on owner of building, under Civ. Code, art. 2322, to answer in damages to person injured by neglect of owner to keep building in repair, arises ex delicto." Klein vs. Young, 163 La. 59, 111 So. 495.

"Right of action, under Civ. Code, art. 2322, against owner of building, for injuries resulting from neglect (of owner) to keep building in repair, is in favor of one injured while lawfully on premises or inside of building, as well as in favor of neighbors and passers-by." Klein vs. Young, supra.

"For breach of contract without fault or bad faith, only those damages in the contemplation of the parties when making the contract may be recovered, but for a tort all damages resulting directly from the act of negligence may be recovered." Illinois Cent. R. R. Co. vs. N. O. Terminal Co., supra.

There is a distinction between the rights and obligations which are created by law and those which are created by contract. The obligation of every property owner to answer in damages for a failure to keep

his property in such condition of repair that it will not be dangerous to other persons is imposed by law by articles 670, 2315, and 2322 of the Civil Code.

This suit is one arising ex delicto pending the contract and connected with it.

However, under the contract it must have been contemplated that the defendant would observe the law by keeping the house in a state of repair that would not have been dangerous. to the occupants, and the sole cause of the damage is the negligence of the defendant in not fulfilling an obligation imposed by law.

Defendant strenuously urges that the judgment is excessive in amount, and relies on the authority of the decision in the case of Caldwell vs. City of Shreveport, 150 La. 465, 90 So. 763, in asking that the amount be reduced. The court held in that case that the plaintiff was entitled to be compensated for only so much of his affliction as was the result of the accident, and not for injuries proven not to be solely caused by the accident but due to some lurking disease that was in his system at the time of the accident, and could not have been entirely caused by the accident.

Plaintiff is shown to have been operated on for appendicitis when twelve years old, or about nine or ten years before this accident; and that when she was operated on immediately after the accident it was found that she had adhesions, which is shown to be the natural result of almost all operations. There is no doubt, from the testimony of the doctors who attended plaintiff, that the adhesions caused by a former operation added to the trouble and injury of plaintiff, but the testimony of the doctors, in connection with the other testimony, that plaintiff suffered great pain immediately after the fall and was not able

to arise from the ground and had to be carried in the house and was immediately taken to a sanitarium and the following day underwent a major operation which was necessary in order to save her life, due to the bowels being paralyzed, and that she was confined to the hospital for two months, was near death many times, and suffered as much as any human being could, convinces us that the fall was the cause of her suffering and that the operation was responsible for her inability to perform any work for seven and a half months and of her weakened condition at the time of the trial. Plaintiff lost more than 25 pounds, weighing 128 pounds before the accident and at the time of the trial weighing less than 100 pounds. Since the accident she has not been able to perform the kind of work she previously performed, not able to mop floors or pick up anything of ordinary weight, cannot wash or iron, and is physically able to perform only the lighter housework and to cook.

It is shown that adhesions are the natural result of most if not all operations, and that sometimes they become so aggravated an operation is necessary, and that others never have to be operated on for adhesions. It is not shown that paralysis of the bowels could not be caused by a fall such as plaintiff received, and in the Caldwell vs. City of Shreveport case it was shown that plaintiff was suffering with locomotor ataxia or tabes dorsalis at the time of the trial, which, according to modern scientific opinion, cannot result from traumatic causes.

Another case relied on by defendant in asking for a decrease in the amount of the judgment is that of O'Neil vs. Morgan's L. & T. R. R. & S. S. Co., 5 La. App. 94. In that case the plaintiff was suffering with syphillis, a disease which cannot be brought on by traumatic causes.

Dr. Garrett testified as follows, in answers to questions from the court:

"Q. Doctor, what connection, if any, could the fall have had with the condition that you operated on to relieve?

"A. Well, I should say that the fall was the exciting cause. Marguerite already had some post operative adhesions and the fall, I would think, excited what we call the paralytic ileus or paralysis which loomed up in the intestines. I would say that the fall was the exciting cause to bring on the complete obstruction of the intestines.

"Q. What would you say, doctor, as to whether or not this condition that you operated on to relieve, would have arisen at that time whether or not the accident had occurred?

"A. Well, that would be hard for any one to say. We know that people have post operative adhesions and go along for years. Some of them never have to be operated upon and others do. It would be hard for me to make that statement; in fact I could not do it. Of course, I do not know just what would have been."

The doctor would not say that the operation would have been necessary if she had not received the fall, but does say that the fall was the cause of the paralysis of the bowels, which necessitated the operation. And that the injuries received in the fall was the proximate cause of the damage.

We do not know whether or not the lower court took into consideration the adhesions of plaintiff in arriving at the amount of damages due her. He did not file a written opinion. However, we think the judgment for $4,000 awarded by the lower court is in accord with the decisions of the courts of this state in like accidents and similar injuries, and we see no reason for disturbing it.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed.

Cost of appeal to be paid by defendant, appellant.