**THOMPSON et al. v. DONALD et al.**

No. 5279.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

A. J. Murff, of Shreveport, for appellant.
Irion & Switzer and Henry F. Turner, all of Shreveport, for appellees.

DREW, Judge.

Plaintiffs, Sam Thompson and Mrs. Lizzie Thompson, instituted this suit for damages alleged to have been caused when Mrs. Thompson fell in attempting to go out the back steps to the house she was living in and renting from defendant Mrs. M. L. Donald. She made defendants in the case Mrs. Donald and her children, Mrs. Dorothy Donald Johns, Lee Rene Donald, and the minor, Margaret Elizabeth Holladay. Mrs. Thompson claims damages for the injuries she received, and her husband, Sam Thompson, for medical bills he claims to have paid for his wife during her treatment for the injuries. Sam Thompson's demands were rejected below and he has not appealed. The suit in so far as he is concerned is not before us. We shall hereafter, therefore, speak of Mrs. Thompson as plaintiff.

Mrs. Donald's husband is dead and the property in which plaintiff was living was community property between her and her deceased husband. She was sent into possession of it as owner of one-half and as legal usufructuary of the other half. Her children and grandchild had no control in any manner over the property as to renting it, or otherwise. The lower court rejected plaintiff's demands as to all defendants except Mrs. Donald. Plaintiff is not now seriously complaining of this part of the judgment.

For a cause of action, plaintiff alleged the following: That on or about the 16th day of August, 1935, she was walking out of said residence, down the back steps, and as she placed her weight upon the top step thereof, the same gave way with her, throwing her forcibly to the ground and greatly injuring her; that as a result of said fall she received a sprain of the left ankle and a fracture of the internal malleolus and tibia just above the ankle of the right leg, as well. as a severe strain and sprain of the back; that the owners of said property negligently and carelessly, and without regard to their duty to her, permitted said steps to become in a decayed condition so that they would fall when a person walked thereon, and that they are therefore liable to her for all injuries and damages resulting from said fall. She claims damages in the following amounts: Pain and suffering, past, present, and future, $2,500; injury to left ankle, $250; injury to right leg, $3,500; injury to back, $1,000; confinement, $1,000; making a total of $8,250.

Defendant, in answer to the petition, admitted that plaintiff was injured to some extent when she fell while attempting to go out the steps; otherwise denied all material allegations of plaintiff's petition; and, further answering, set up the following defenses:

"11. Further answering defendants show that on or about the first of May, 1935, the plaintiff, Sam Thompson, applied to your defendant to rent the house at 1531 Walnut Street, City of Shreveport, and that she, at first refused to lease the house, telling him that she contemplated moving said house onto another lot, and as there might be some repairs to be done, she did not care to put out any money, on the house till moved.

"12. She shows that he came back, a day or two later, stating he was anxious to get a house and if she would reduce the rent from $10.00 to $8.00 per month, payable $2.00 weekly, he would relieve her of all obligations on any repairs that might become necessary during the lease and obligate himself to keep said property in good repair during the lease, at his own expense, provided she would paper one room and furnish a faucet for the bath room.

"13. She shows that on those terms she reluctantly leased him the house and he moved in, in the month of May.

"14. She shows that in accordance with said agreement, he made some repairs on the windows, fixed the lattice work on the gallery, cleaned off the yard, etc.

"15. She shows that he remained there until the middle of August, never notifying her of any defects or necessary repairs, but, on the contrary told her agent, on several occasions, that everything was all right.

"16. She shows that when she leased him the property, the steps to said house were in good condition, and in good serviceable condition, on the day of the alleged accident, and if not, then the plaintiff was under obligation to make all necessary repairs, under his contract, and he is estopped from holding defendant, either for repairs or any damages arising out of the same, which estoppel is especially pleaded, both in defense of the husband's and wife's claim, neither showing any right or cause of action, which is especially pleaded.

"17. She shows that she has been informed, believes and so alleges, that on the day of the accident, the plaintiff's wife was having her washing done on the back gallery, and that the servant allowed the soap suds to run out on the floor and steps to the gallery, making the same slippery, and that Mrs. Thompson, being a large woman and suffering with rheumatism, slipped on the soapy steps as she was walking out, fell to the ground, through no defects of the steps, but her own contributory negligence, which should bar her of any claims for damages, which is especially pleaded herein.

"18. That, in the alternative, if the steps had gotten in an unsafe condition, it was the fault of the said Thompson in not carrying out his obligations of repairs, and was contributory negligence on his part, as well as the wife's, they both being in a position to see and know the condition of the steps at the time prior to the accident, and therefore, he nor she has any right or cause of action to recover damages herein and are estopped, which estoppel is hereby specially pleaded."

The lower court rendered judgment for plaintiff in the sum of $1,000, and fixed the fees of the expert witnesses. From this judgment defendant Mrs. Donald has appealed and plaintiff has answered the appeal, praying for an increase in the amount of the award below.

There is no case imaginable in which the evidence on every point could be more in conflict. For instance, the defendant swears that Mr. Thompson came to her home and sat in her living room and there made the trade to rent the house for $8 per month, and agreed to make all repairs necessary during the time he and his family occupied the house. Mr. Thompson swears he never saw the defendant until after the accident in which his wife was hurt; that he did not know where she lived and could not go to her house if ordered to do so. His son swears he is the one who made the trade to rent the house, and that he made it over the telephone and in the absence of his father. The testimony as to the condition of the steps is likewise just as conflicting, as is every other question of fact in the case. The lower court saw and heard the witnesses testify and is no doubt familiar with them. It found the facts as claimed by plaintiff, and we find no manifest error in its finding.

The defense set up, that the steps were wet due to water used in washing clothes on the back gallery, falls for the reason there is no testimony to support it. The defense that it was the duty of plaintiff to keep the steps in repair falls for the same reason, in accordance with the facts found by the lower court.

We are informed by counsel for both plaintiff and defendant that the lower court based its findings principally upon the pictures of the steps taken several days after the accident. We think it could well do so, although there is again a conflict in the testimony as to whether or not the pictures are correct pictures of the steps. The steps which caused the accident are to the back gallery. The gallery is only eighteen inches from the ground. The steps consisted of only two, one flat on the ground and the other about midway between it and the gallery. The support on the left side of the steps had pulled loose from where it was attached to the gallery, but the right side was still intact. In using the steps, plaintiff, her family, and neighbors always used the right side, which appeared to be safe. At the time of the accident, plaintiff, with a dress and two clothespins in her hands, attempted to go down the steps. She used the right side of them as usual, and when she stepped on the top step, the sup-

port on the right side gave way, due to a decayed condition, and caused her to fall, breaking her leg and otherwise injuring her.

 The lower court found, and we think correctly so, that plaintiff had not contracted to keep the steps in repair. This being true, the law made it the duty of defendant to do so. Plaintiff contends and testifies that defendant had knowledge that the steps needed repairing; that she had the knowledge through her daughter, who acted as her agent in collecting the rent, which was usually paid at the back door; and that she had informed the daughter of the condition of the steps and requested that they be repaired. This is likewise denied, as are all other questions of fact. Be that true or not, the daughter did collect the rent at the back steps, and it was the duty of defendant to know the condition they were in. She is presumed to have had knowledge of their decayed condition. The landlord's duty and liability for damage caused by decayed condition of his leased property is fully discussed in the following cases, Willis v. Cahn et al. (La.App.) 164 So. 452; Price v. Florsheim, 13 La.App. 298, 127 So. 22; Estes v. Ætna Casualty & Surety Co. (La.App.) 157 So. 395, 396, and a renewed discussion here would only be repetition without benefit to any one.

Defendant urges that under the provisions of Act No. 174 of 1932 plaintiff cannot recover. If the act fitted the facts in this case, that would be true, but the facts as found below, and as we find here, make that act inapplicable to the case.

 Defendant also relies on the plea of contributory negligence based upon the alleged fact that plaintiff knew of the defective condition of the steps and was negligent in using them. The plea, we think, is without merit. She, her family, and neighbors had used the steps in that condition ever since she moved into the house. The right side of them was intact and apparently safe for use. She was cautious to always use the right side, and there is no evidence of any knowledge on her part that the support of that side was decayed. The burden was on defendant to prove the alleged contributory negligence, and she has failed.

In the case of Estes v. Ætna Casualty & Surety Co., cited supra, the following

syllabus correctly relates the court's finding:

"Failure of tenant who knew of dangerous condition of courtyard and approaches thereto to move out of house did not bar his recovery for injuries sustained in fall on defective walk in courtyard (Civ.Code, arts. 2694, 2695)."

We find, as did the lower court, that defendant is liable for the damages caused to plaintiff by the fall she received on account of the decayed condition of the support to the steps of the back gallery.

 Plaintiff's injuries consisted of a fracture of the lower end of both bones of the right leg, and dislocation of the ankle. She was treated at the Charity Hospital. A plaster cast was placed on the leg and allowed to remain there for seven weeks, when removed. Her leg and ankle were then clinically in good condition. She will suffer no after effects from the injuries. She had no earning capacity, and the damage to her is due solely to inconvenience and pain until the injuries healed. The lower court awarded her $1,000, which we think is fair and adequate.

The judgment of the lower court is therefore affirmed with costs.